JOSEPH STEELE & another *vs.* H. E. NASH & others.

Hampden.    Sept. 27. — Oct. 21, 1887.    C. ALLEN & HOLMES, JJ., absent.

A., a creditor of C., brought an action against him, and attached his goods.  B., another creditor of C., had attached his goods on a writ prior to A.'s attachment, and had recovered judgment.  Before execution issued on said judgment, A. threatened to begin proceedings in insolvency against C.  Thereupon B. agreed that if, after demand made by A. upon B., after the sale upon said execution of all the property attached in said action, and after the money realized upon such sale should have passed into the hands and possession of B., he should refuse to pay to A. one half of the amount which B. should have realized upon said execution, after all the costs and fees arising from and by reason of said action and said execution should have been deducted, then D. might indorse to A. a certain promissory note made by B. to D., and not otherwise.  A. did not institute insolvency proceedings against C   B.'s attachment was perfected, the attached property was sold, and a certain sum realized; and B , upon request, refused to comply with his agreement with A.  Subsequently, and while the proceeds of said sale were in the hands of the officer, the assignee in insolvency of C. brought a bill in equity against B. and the officer to avoid B.'s judgment and to recover the proceeds of the sale, and the officer was restrained from paying them to B.  That suit was compromised by the payment of a part of the proceeds to the assignee, and the balance was paid to B.'s attorney in payment of costs and fees in said suits.  A. then brought a bill in equity against B. and D. to enforce said agreement.  *Held,* that the contingency on which the note was to be indorsed to A. had not arisen; and that the bill could not be maintained.

BILL IN EQUITY, by Joseph Steele and Alexander Emery, copartners under the firm name of Steele and Emery, against H. E.

Nash and N. C. Cook, copartners under the firm name of H. E. Nash and Company, and John G. Mackintosh. The case was referred to a master, who reported the following facts:

The plaintiffs, on September 4, 1882, were creditors of one John Bobsin, of Holyoke, and had brought an action against him, which is now pending, in which an attachment of his goods had been made. The defendants Nash and Cook were also creditors of Bobsin, and had caused his goods to be attached on two writs returnable to the Police Court of Holyoke prior to the attachments on the plaintiffs' writ, and on said September 4 recovered judgment in these actions, in one for the sum of $216.70, and in the other for $225.80. After said judgments were recovered, and on the same day, and previously to the issuing of executions on said judgments, the plaintiffs threatened to commence proceedings in insolvency against Bobsin, and the defendants promised and agreed that they would pay to the plaintiffs the sum of $200, or one half the amount which they should realize upon the executions which might issue upon said judgments, after all the costs and fees arising from and by reason of said suits and said executions should have been deducted, which sum was to be determined by the defendants. As security for the performance of said agreement, the defendants made a promissory note for $200, dated September 4, 1882, payable thirty days after date to the order of John G. Mackintosh, the other defendant, and signed " H. E. Nash & Co."

Accompanying the note was the following statement, signed by the plaintiffs and by H. E. Nash and Company: " The note which is attached hereto is given to John G. Mackintosh, to be held by him upon the following terms, and for the following purposes, to wit: if said H. E. Nash and Company, the signers of said note, shall pay to Steele and Emery one half the amount which they shall hereafter realize, over and above the fees and costs upon the executions which may hereafter issue in the two suits which are now pending in the Police Court of Holyoke, and which H. E. Nash and Company have brought against John Bobsin, the said note shall be returned to said H. E. Nash and Company by said Mackintosh. But if, upon demand therefor made by said Steele and Emery, said H. E. Nash and Company, after the sale upon said executions of all

the property attached in said suits, and after the money realized upon such sales shall have passed into the hands and possession of said H. E. Nash and Company, they shall refuse to pay to the said Steele and Emery one half the amount which they, said Nash and-Company, shall have realized upon said executions, after all the costs and fees arising from and by reason of said suits and said executions shall have been deducted, then said Mackintosh may indorse said note to said Steele and . Emery, and not otherwise."

The plaintiff did not institute proceedings in. insolvency against said Bobsin, and said attachments of the defendants were perfected and the property attached was sold by D. E. Kingsbury, a deputy sheriff for Hampden County, and the sum of $434.02 was realized. The defendants, although requested so to do, have refused to comply with the terms of said agreement. After said judgment had been perfected in said Police Court, but before sale and said executions, another creditor instituted proceedings in insolvency against Bobsin, and one claim of the plaintiffs for the sum of $429.93 was allowed; also one for the sum of $13.68, preferred for costs of the suit aforesaid, proof of said claims being made on the usual blanks, sworn to by the plaintiffs, and being for the full amount of their claim against Bobsin. From said insolvent estate the plaintiffs received and receipted for $46.77.

One Charles F. Rebstock, of Meriden, Connecticut, claims the goods sold under said executions, and, by writ dated July 21, 1883, brought an action against said deputy sheriff, D. E. Kingsbury, for the value thereof, which action is now pending in the Superior Court for the county of Hampden, but has never been placed upon the trial list.

William G. Ham, assignee of the estate of Bobsin, on January 22, 1883, filed a bill in equity in the Supreme Judicial Court for said county against these defendants, John Bobsin, and Kingsbury, praying that said judgments entered in the Holyoke Police Court be adjudged fraudulent and void, and that the proceeds of said sale be paid over to said assignee; and an injunction issued from said court restraining Kingsbury from paying any of the money received on said executions. The matters in controversy between the parties to said bill were compromised by

the payment by Kingsbury to said Ham of the sum of $212 from the $434.02, the proceeds of the sale.

The balance of said $434.02, being the sum of $222.12, was paid to the attorneys of the defendants, Nash and Cook, in payment of costs and fees in the different cases growing out of the defendant's first-mentioned actions, and the executions issued thereon, including the equity proceedings above referred to.

. The case was heard in the Superior Court, by *Knowlton*, J., who found that the defendants Nash and Cook made and delivered to the defendant Mackintosh, for the use and benefit of the plaintiffs, the note described in the bill, as stated in the memorandum attached thereto, for a sufficient consideration; that the property attached on the suits referred to was sold upon the executions which issued thereon, and the avails thereof came into the possession of the defendants Nash and Cook, who failed and refused to pay over to the plaintiffs any part thereof; and ordered that Mackintosh indorse said note to the plaintiffs, and deliver the same into court to be filed in this case; and that judgment be rendered against Nash and Cook for the amount of said note, and interest from the time the same became due, namely, $234.90. The defendants appealed to this court.

*W. H. Brooks,* for the defendants.

*G. Wells,* for the plaintiffs.

W. ALLEN, J. It is obvious from the facts stated in the master's report, that the parties supposed that the attachment of Nash and Company might be avoided under proceedings in insolvency. It does not appear whether they feared a statutory dissolution of the attachment by an assignment under proceedings commenced within four months after the attachment, or that it might be avoided by an assignee, as in fraud of creditors or of the insolvent law. The contract was made to protect the attachment from proceedings in insolvency. It was in view of the liability of the attachment to be dissolved by an assignment before the execution was levied, or avoided by a subsequent suit by an assignee, that the parties agreed that if, after the sale of the property upon the executions and after the money realized upon such sales should pass into the hands or possession of Nash and Company, they should refuse to pay to the plaintiff one half of the amount " which they, said Nash and Company, shall have

realized upon said executions, after all the costs and fees arising from and by reason of said suits and said executions shall have been deducted, then said Mackintosh may indorse said note to said Steele and Emery, and not otherwise."

The parties were creditors seeking payment of their debts, and the fair construction of the agreement is, that whatever Nash and Company should realize to apply on their debt they would share with the plaintiffs.

After the sale of the property on execution, and while the proceeds were in the hands of the officer, a bill in equity was brought against Nash and Company and the officer, by the assignee in insolvency, to avoid the judgments of Nash and Company, and to recover the proceeds of the sales ; and the officer was enjoined against paying them over to Nash and Company. That suit was compromised by the payment of a part of the proceeds to the assignee, and the balance was paid over by the officer to the attorneys of Nash and Company in payment of costs and fees in the equity suit, and in other cases growing out of the suits and executions upon which the property was sold, so that Nash and Company never received anything which they could apply on their debts against the insolvent. We think that the costs and fees in actions brought to avoid the judgments and to recover the proceeds of the sales on execution in the hands of the officer were " costs and fees arising from and by reason of said suits and said executions," within the meaning of the contract, and that neither the money received by the officer on the sales while it remained in his hands as officer, nor the money paid by the officer in compromise of the suit of the assignee, nor the money paid by the officer to the attorney of Nash and Company for costs and fees incurred in the suit by the assignee, and in similar suits brought to recover the proceeds of the sales from the officer, was money realized upon such sales in the hands and possession of Nash and Company, within the meaning of the contract.

This decision renders it unnecessary to consider the question whether there was any legal consideration for the note, and we express no opinion upon it.

In the opinion of a majority of the court, the entry must be,

*Bill dismissed.*